Matthew M. Collins, Esq.
Lucas Markowitz, Esq.
**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
*Attorneys for Herns Gabriel, individually*
*and on behalf of all other persons similarly situated*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HERNS GABRIEL, individually and on behalf of all other persons similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>CARGO FORCE, INC., FRANKCRUM, INC., ABC COMPANIES 1-10 and JOHN DOES 1-10,<br><br>    Defendants. | Civil Action No.: |

## COMPLAINT AND JURY DEMAND

Plaintiff Gabriel Herns ("Plaintiff"), individually and on behalf of all other persons similarly situated, by and through his attorneys Brach Eichler L.L.C, by way of Complaint and Demand for Jury Trial against Defendants Cargo Force, Inc. ("Cargo Force") and FrankCrum Inc. ("FrankCrum"), says:

### NATURE OF THE ACTION

1.      On or about April 16, 2018, Plaintiff was sent a notice by his employer, Cargo Force, indicating that Cargo Force "is permanently closing" its entire operation located in Jersey City, New Jersey (the "CF Jersey City Operation") as of June 15, 2018.

2.      The notice stated that it was being issued in accordance with the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. ("WARN Act"). The WARN Act notice indicated that all "70 employees" at the Jersey City Cargo Force facility were being terminated.

3.      That same day, (April 16, 2018), Plaintiff was handed another notification, this time by FrankCrum, which indicated that he was being separated from his employment with FrankCrum as of April 16, 2018 for a "reduction in workforce."

4.      FrankCrum jointly employed Plaintiff along with Cargo Force,

5.      Plaintiff's last paycheck only included his hours for the time he had already worked in the pay period ending April 20, 2018, and not compensation up to and including June 15, 2018.

6.      Since Plaintiff did not receive 60-days notice prior to being terminated, Plaintiff brings this action on behalf of himself, and other similarly situated former employees who worked for Defendants and who were terminated without cause, as part of, or as the result of, plant closings ordered by Defendants and who were not provided 60 days advance written notice of their terminations by Defendants as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq., and the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2 ("NJ WARN Act").

7.      Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits from Defendants pursuant to the WARN Act and damages under the NJ WARN Act.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367 and 29 U.S.C. § 2104(a)(5).

- 2 -

9.      Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## PARTIES

10.     Plaintiff Herns Gabriel is a citizen and resident of the State of New Jersey and worked for Defendants at 80-120 Harbor Drive, Jersey City, New Jersey 07305 from September 1, 2012 until April 16, 2018 when he was terminated.

11.     Defendant Cargo Force, Inc. is a corporation registered to do business in the State of New Jersey. Cargo Force is organized under the laws of the State of Delaware with a principal place of business at 6705 Red Road, Suite 700, Coral Gables, Florida 33143. Cargo Force has a registered office in New Jersey at 820 Bear Tavern Road, West Trenton, New Jersey 08628, and a sizable warehouse handling operation at 80-120 Harbor Drive, Jersey City, New Jersey 07305.

12.     Defendant FrankCrum, Inc. is a corporation registered to do business in the State of New Jersey. FrankCrum is a corporation organized under the laws of Florida, with a principal place of business at 100 S. Missouri Avenue, Clearwater, Florida 33756 and placed many of its employees to work at the CF Jersey City Operation. FrankCrum's website lists them as a professional employer organization ("PEO").

13.     Defendants ABC Companies 1-10 are entities that discovery and investigation may reveal may be responsible in whole or in part, directly or indirectly, for the claims and damages alleged herein.

14.     Defendants John Does 1-10 are persons who discovery and investigation may reveal may be responsible in whole or in part, directly or indirectly, for the claims and damages alleged herein.

- 3 -

## FACTUAL ALLEGATIONS

**A.    Defendants' Violations of the WARN Act and New Jersey WARN Act**

15.    Plaintiff seeks to certify a class of all 70 Cargo Force and FrankCrum employees who worked at the CF Jersey City Operation and were terminated without required notice and compensation in violation of the WARN Act and the NJ WARN Act.

16.    Plaintiff was hired by Defendants on September 2, 2012, and was immediately assigned to work at the CF Jersey City Operation as a forklift driver and materials handler.

17.    Plaintiff was continuously employed by Defendants from September 2, 2012 through April 16, 2018.

18.    For the entire period of his employment with Defendants, Plaintiff was an exceptional employee.

19.    On April 16, 2018, Plaintiff along with 70 other employees at the CF Jersey City Operation received a WARN Act notice from Cargo Force (the "CF WARN Act Notice").

20.    In relevant part, the CF WARN Act Notice stated:

> This letter is being issued in accordance with the Worker Adjustment and Retraining Notification Act (WARN) to notify you that Cargo Force Inc. ("Cargo Force") is permanently closing its entire CDF operation located at 80-120 Harbor Drive, Jersey City, New Jersey 07305. The CDF facility will close permanently on June 15, 2018, at 11:59 p.m. (**See Exhibit A**).

21.    The CF WARN Act Notice went on to say that "all 70 employees" at the CF Jersey City Operation would be terminated as of June 15, 2018 including all "cargo/material handlers and all administrative personnel."

- 4 -

22.    The CF WARN Act Notice advised employees that *"as required by law, you will receive your final paycheck on the next regular payday for all days worked during the pay period that includes June 15, 2018."*

23.    In other words, the CF WARN Act Notice provided that all employees affected by the layoff would be paid their required 60 days compensation in their next paycheck.

24.    That same day, April 16, 2018, Plaintiff received a "Notice of Employee Separation" from FrankCrum (the "FrankCrum Termination Notice". (**See Exhibit B**). The FrankCrum Termination Notice had the FrankCrum logo on it and listed the "client" as Cargo Force.

25.    The FrankCrum Termination Notice stated that Plaintiff was being terminated as of April 16, 2018 due to a "reduction in workforce."

26.    Rather than sixty days notice, Plaintiff was given zero days notice between the time Plaintiff was given the CF WARN Act Notice and the time he was terminated by Defendants.

27.    Despite the provisions in the CF WARN Act Notice that Plaintiff's last paycheck would include all pay up to and including June 15, 2018, Plaintiff was issued his last paycheck on April 27, 2018 and it only covered the pay period from April 7, 2018 until April 20, 2018:

| FrankCrum<br>100 S Missouri Ave<br>Clearwater, FL 33756<br>(727) 799-1229 (tel.(727) 799-1229) | D1004-CARGO FORCE INC<br>CARGO FORCE INC<br>6705 SW 57TH AVE STE 700<br>SOUTH MIAMI, FL 33143-3649 | |
|---|---|---|
| **Pay Details** | | |
| GABRIEL S HERNS<br>Q HENSYN VLG APT 7B<br>BUDD LAKE, NJ 07828-3717 | Period Start Date<br>Period End Date<br>Pay Date | 04/07/2018<br>04/20/2018<br>04/27/2018 |

BE:9761290.2/GAB027-274484

28.     Thus, not only was Plaintiff deprived of the required sixty-day notice under the WARN Act and the NJ WARN Act, he was deprived of the compensation and benefits due to him under those laws as well.

29.     Upon information and belief, other employees besides Plaintiff who worked at the CF Jersey City Operation were also deprived of the required sixty-day notice under the WARN Act and the NJ WARN Act, and deprived of the compensation and benefits due to them under those laws.

**B.      Defendants Constitute a Single Employer For purposes of WARN Act and NJ WARN Act Liability**

30.     Defendants are Plaintiff's single employer for purposes of WARN Act liability.

31.     Plaintiff's day to day responsibilities were supervised, controlled and monitored by Cargo Force.

32.     Cargo Force's PEO, FrankCrum retained the authority to hire and fire Plaintiff and issued Plaintiff's paychecks.

33.     As displayed above in Paragraph 27, all of Plaintiff's pay stubs listed both FrankCrum and CargoForce on top.

34.     For six years, Plaintiff arrived every day to the CF Jersey City Operation. There, he was supervised by Cargo Force employees, used Cargo Force's equipment, including forklifts, and was subject to Cargo Force's employment policies and trainings.

35.     FrankCrum retained several of the most important responsibilities related to Plaintiff's employment including, but not limited to, the authority to hire and fire Plaintiff and the authority to assign and reassign Plaintiff.

36.     FrankCrum issued Plaintiff's termination notice.

- 6 -

37.    Plaintiff was required to sign the FrankCrum Termination Notice under a clause which read:

> I have been informed and I agree that if my assignment with client (or any other client to which I may be assigned) ends for any reason, regardless of its duration I must report back to FrankCrum for reassignment. It is my understanding that reporting to FrankCrum must be done within seventy-two (72) hours or unemployment benefits may be denied if I fail to do so.

38.    FrankCrum assigned Plaintiff to Cargo Force, and Cargo Force was FrankCrum's client.

39.    FrankCrum exercised a level of de facto control over Cargo Force sufficient to consider them both to be Plaintiff's single employer.

40.    Plaintiff was issued the CF WARN Act Notice and the FrankCrum Termination Notice on the same day.

41.    Thus, Defendants were both involved in the decision to close the CF Jersey City Operation.

42.    Defendants were also both responsible for the decision to terminate Plaintiff (and all others similarly situated).

43.    FrankCrum and Cargo Force therefore shared control over Plaintiff.

44.    While Cargo Force provided the premises and equipment, FrankCrum maintained the authority to hire, fire and reassign Plaintiff.

45.    Defendants were Plaintiff's single employer for purposes of the WARN Act and NJ WARN Act.

46.    Defendants were also joint employers of Plaintiff's for purposes of the WARN Act and NJ WARN Act.

BE:9761290.2/GAB027-274484

## WARN CLASS ACTION ALLEGATIONS, 29 U.S.C. § 2104

47.    Plaintiff, on behalf of himself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

48.    Plaintiff brings the First Claim of Relief for the violation of 29 U.S.C. § 2101 *et seq.*, on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at or reported to the CF Jersey City Operation and were terminated without cause or required notice on or about April 16, 2018, and within 60 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about April 16, 2018, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

49.    Specifically, as set forth in the CF WARN Act Notice, the WARN Class consists of the 70 employees listed in the CF WARN Act Notice, and includes "all cargo/material handlers and all administrative personnel" for the CF Jersey City Operation.

50.    The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable.

51.    Upon information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members are contained in the books and records of Defendants.

52.    Upon information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

53.    Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

BE:9761290.2/GAB027-274484

(a)     whether the members of the WARN Class were employees of the Defendants who worked at or reported to Defendants' Facilities;

(b)     whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c)     whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

54.     Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at or reported to the CF Jersey City Operation and were terminated without cause beginning on or about April 16, 2018, due to the mass layoffs and/or plant closings ordered by Defendants.

55.     Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

56.     Beginning on or about April 16, 2018, Defendants terminated the Plaintiff's and the WARN Class' employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were entitled to receive 60 days advance written notice under the WARN Act.

57.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

BE:9761290.2/GAB027-274484

58.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

59.     Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

**NEW JERSEY WARN ACT CLASS ALLEGATIONS, N.J.S.A. 34:21-6**

60.     Plaintiff, on behalf of himself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

61.     Plaintiff brings the Second Claim for Relief for violation of the NJ WARN Act on behalf of a class of similarly situated persons pursuant the NJ WARN Act and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to the CF Jersey City Operation and were terminated without cause and without the required notice beginning on or about April 16, 2018 (the "NJ WARN Class") or within 60-days thereof.

62.     The persons in the NJ WARN Class identified above ("NJ WARN Class Members") are so numerous that joinder of all members is impracticable.

63.     Specifically, as set forth in the CF WARN Act Notice, the NJ WARN Class consists of the 70 employees listed in the CF WARN Act Notice, and includes "all cargo/material handlers and all administrative personnel" for the CF Jersey City Operation.

64.     Upon information and belief, the identity of the members of the class and the recent residence address of each of the NJ WARN Class Members is contained in the books and records of Defendants.

65.     Upon information and belief, the rate of pay and benefits that were being paid by Defendants to each NJ WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

66.     Common questions of law and fact exist as to members of the NJ WARN Class, including, but not limited to, the following:

(a)     whether the members of the NJ WARN Class were employees of the Defendants who worked at or reported to Defendants' Facilities;

(b)     whether Defendants unlawfully terminated the employment of the members of the NJ WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the NJ WARN Act; and

(c)     whether Defendants unlawfully failed to pay the NJ WARN Class members severance and benefits as required by the NJ WARN Act.

67.     Plaintiff's claims are typical of those of the NJ WARN Class. Plaintiff, like other NJ WARN Class members, worked at or reported to the CF Jersey City Operation and was terminated without cause beginning on or about April 16, 2018, due to the mass layoffs and/or plant closings ordered by Defendants.

68.     Plaintiff will fairly and adequately protect the interests of the NJ WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions, including the NJ WARN Act and employment litigation.

69.     Beginning on or about April 16, 2018, Defendants terminated the Plaintiff's and the NJ WARN Class' employment as part of a mass layoff or a plant closing as defined by N.J.S.A. 34:21-1, for which they were entitled to receive 60 days advance written notice under the NJ WARN Act.

BE:9761290.2/GAB027-274484

70.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the NJ WARN Class predominate over any questions affecting only individual members of the NJ WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NJ WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual NJ WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

71.     Concentrating all the potential litigation concerning the NJ WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NJ WARN Act rights of all the members of the Class.

72.     Plaintiff intends to send notice to all members of the NJ WARN Class to the extent required by Rule 23.

**COUNT ONE**
**Violation of the WARN Act, 29 U.S.C. § 2104**

73.     Plaintiff, on behalf of himself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

74.     At all relevant times, Defendants, individually and collectively, employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States, or 100 or more employees, excluding part-time employees.

75.     At all relevant times, Defendant Cargo Force was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order mass layoffs or plant closings at the CF Jersey City Operation.

- 12 -

76.     At all relevant times, Defendant FrankCrum was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order mass layoffs or plant closings at the CF Jersey City Operation.

77.     Beginning on or about April 16, 2018, Defendants ordered mass layoffs and/or plant closings at the CF Jersey City Operation, as those terms are defined by 29 U.S.C. § 210l(a)(2).

78.     The mass layoffs or plant closings at the CF Jersey City Operation resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty (in this case seventy) of Defendants' employees as well as thirty-three percent  (in this case 100%) of Defendants' workforce at the CF Jersey City Operation, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

79.     Plaintiff and the WARN Class were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the CF Jersey City Operation.

80.     Plaintiff and the WARN Class are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 210l(a)(5).

81.     Defendants were required by the WARN Act to give the Plaintiff and the WARN Class at least 60 days advance written notice of their terminations.

82.     Defendants failed to give the Plaintiff and the WARN Class written notice that complied with the requirements of the WARN Act.

83.     Plaintiff and each of the WARN Class Members, are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

84.     Defendants failed to pay the Plaintiff and each of the WARN Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days

following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## COUNT ONE
### Violation of the New Jersey WARN Act

85.    Plaintiff, on behalf of himself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

86.    At all relevant times, Defendants were individuals or private businesses entities defined as "employers" under the New Jersey WARN Act and continued to operate as businesses until they decided to terminate operations at CF Jersey City Operation "Establishment" and/or "Facilities" as defined by N.J.S.A. 34:21-1.

87.    On or about April 16, 2018, Defendants ordered a termination of operations at the CF Jersey City Operation as defined by N.J.S.A. 34:21-1.

88.    The NJ WARN Class Members suffered a termination of employment as defined by N.J.S.A. 34:21-1.

89.    Defendants were required by the NJ WARN Act to give the NJ WARN Act Class Members at least 60 days advance written notice of their terminations.

90.    Defendants failed to give the NJ WARN Class Members written notice that complied with the requirements of the NJ WARN Act.

91.    Defendants failed to pay the NJ WARN Class Members their respective lost wages, benefits and other remuneration, including severance pay equal to one week of pay for each full year of employment.

BE:9761290.2/GAB027-274484

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all other persons similarly situated,

respectfully requests that the Court grant the following relief:

a.   An order certifying that the action may be maintained as a class action under Fed. R. Civ.

P. 23;

b.   Designation of Plaintiff Herns Gabriel as the representative of the class, and counsel of

record as Class Counsel;

c.   A judgment in favor of Plaintiff and the other similarly situated former employees equal to

the sum of: their unpaid wages, salary, severance pay, commissions, bonuses, accrued

holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA

benefits, for 60 days, that would have been covered and paid under the then-applicable

employee benefit plans had that coverage continued for that period, all determined in

accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A), and the New Jersey WARN

Act N.J.S.A. 34:21-1-6 including any civil penalties;

d.   An award attorneys' fees and costs; and

e.   Such other and further relief as this Court may deem just and proper.

BE:9761290.2/GAB027-274484

## DEMAND FOR TRIAL BY JURY

Plaintiff, on behalf of himself and all other persons similarly situated, hereby requests a trial by jury on all issues and claims so triable.

Respectfully submitted,

BRACH EICHLER, L.L.C.

/s/ Lucas A. Markowitz, Esq.
Matthew M. Collins, Esq.
Lucas A. Markowitz, Esq.
**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
mcollins@bracheichler.com
lmarkowitz@bracheichler.com
*Attorneys for Plaintiff Herns Gabriel, individually and on behalf of all other persons similarly situated*

Dated: June 22, 2018

- 16 -

## LOCAL RULE 11.2 CERTIFICATION

I, Lucas A. Markowitz, Esq. the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding. However, Plaintiff has an unrelated Charge of Discrimination pending before the U.S. Equal Employment Opportunity Commission, docketed as Charge No. 524-2018-01106.

Respectfully submitted,

BRACH EICHLER, L.L.C.

/s/ Lucas A. Markowitz, Esq.
Matthew M. Collins, Esq.
Lucas A. Markowitz, Esq.
**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
mcollins@bracheichler.com
lmarkowitz@bracheichler.com
*Attorneys for Plaintiff Herns Gabriel, individually and on behalf of all other persons similarly situated*

Dated: June 22, 2018

- 17 -

# EXHIBIT A



April 16, 2018

Dear Valued EWR-CDF Employee,

This letter is being issued in accordance with the Worker Adjustment and Retraining Notification Act (WARN) to notify you that Cargo Force Inc. ("Cargo Force") is permanently closing its entire CDF operation located at 80-120 Harbor Drive, Jersey City, New Jersey 07305. The CDF facility will close permanently on June 15, 2018, at 11:59 p.m.

As a result of declining mail volumes in the CDF network, the United States Postal Service unfortunately no longer requires the services under its contract with Cargo Force. Sadly, the cancellation of this contract will result in the layoff of **all** 70 employees at the CDF facility. As such, **all** EWR-CDF employees, including all cargo/material handlers and all administrative personnel for the facility, will be separated from employment with Cargo Force as of June 15, 2018. A listing of all employees subject to the layoff is included in the **Exhibit 1** attached to this letter.

Please accept our appreciation for the valuable contributions that you have made since you began your employment with Cargo Force. As required by law, you will receive your final paycheck on the next regular payday for all days worked during the pay period that includes June 15, 2018. In addition, your coverage under the company's medical, dental, and vision plans, if applicable, will continue until June 30, 2018. When your coverage ends, you may be entitled to elect to continue your coverage through COBRA. You will receive COBRA enrollment information in the mail within ten (10) business days after coverage ends, at which time you can indicate your preference.

If you have any further questions, or if you do not receive your COBRA notice, please do not hesitate to contact Kerstin Casas in Human Resources by email at kcasas@cargoforceinc.com or by phone at (305) 740-3252.

Sincerely,


Kerstin Casas
*Human Resources Department*
Cargo Force, Inc.

44913508.3

# EXHIBIT B

## NOTICE OF EMPLOYEE SEPARATION

Client: _Cargo Force_                                        Date of Separation: _4/16/18_

Employee name: _Herns Gabriel_                    Social Security No: ▮▮▮▮▮▮

Name of person who discharged employee, if discharged: _Giuseppe Felicella_

Title of person who discharged employee: _Supervisor_

### Reason for Separation: (Check one & attach documentation)

**Lack of Work:**
Reduction in work force ✓
Job eliminated _____
Reorganization _____
End of temporary employment _____
End of Seasonal Employment _____

**Quit:**
Reason Unknown _____
Walked Off (job related) _____
Personal (not job related) _____
School _____
Marriage _____
Relocation _____
Transportation _____
Accepted another job _____
Going into own business _____
Illness _____
Maternity _____
Military _____
No call no show _____

**Discharge:**
Insubordination _____
Violation of company rules or policies _____
Violation of safety rules _____
Reported under influence of alcohol/drugs _____
Willful destruction of company property _____
Careless destruction of company property _____
Fighting on company property _____
Leaving workstation _____
Falsification on employment application _____
Dishonesty - falsified company records _____
Dishonesty - Unauth. removal of company property _____
Dishonesty - monetary theft _____
Dishonesty - other _____
Absenteeism - Unreported _____
Absenteeism - excessive _____
Tardiness - frequent _____

Quality of work _____
Quantity of work _____
Poor Performance _____

**Dissatisfaction With:**
Work Hours _____
Salary _____
Working conditions _____
Performance Review _____
Supervisor _____
Company Policy _____

**REMARKS:** _____

**Leave of Absence:**
Illness _____
Maternity _____
Military _____
School _____
Personal _____

This form must be mailed or faxed immediately upon separation to the following address and fax number:

### FrankCrum
### 100 S. Missouri Ave
### Clearwater, Fl  33756

**Remuneration Paid After Separation:**
Vacation Pay _____
Severance Pay _____

Fax number for Staffing 727-252-1082
Fax number for Resources 727-450-0490

*I have been informed and I agree that if my assignment with client (or any other client to which I may be assigned) ends for any reason, regardless of its duration, I must report back to FrankCrum for reassignment. It is my understanding that reporting to FrankCrum must be done within seventy-two (72) hours or unemployment benefits may be denied if I fail to do so.*

_____          _4/16/18_

Employee Signature          Date: